IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL JOHN LANCASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:15-CV-00038 |
| | ) |
| MAJOR MATTHEW WYATT, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff, Michael John Lancaster ("Lancaster"), a Virginia inmate proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983 alleging that defendant Corporal Brandy Mills ("Mills") and nonparty Corporal James deprived him of access to a law library and that defendant Major Matthew Wyatt ("Wyatt") failed to respond to his grievance regarding the lack of access. Dkt. Nos. 1 & 2. Both defendants moved to dismiss the Complaint for failure to state a claim. Dkt. No. 23. After review of the record, I find that Defendants' motion to dismiss must be granted.

## I.

Lancaster, an inmate at Wallens Ridge State Prison, claims Defendants failed to provide access to a law library while he was housed at the Danville City Jail ("DCJ"). When Lancaster submitted inmate grievance forms about the lack of library acess on April 11, 2014, Mills and Corporal James answered on the same day that DCJ did not have a law library. Mills recommended that Lancaster or his attorney contact the circuit court judge to request a specific section of the law. Wyatt allegedly did not respond to the grievance. Lancaster states he sent

---

[1] This case is before me by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

informal letters to every jail officer about the need for a law library without receiving a response. Lancaster generally claims that the lack of access injured his criminal case currently before the Supreme Court of Virginia.

Defendants moved to dismiss Lancaster's Complaint on the basis that an inmate does not have a constitutionally protected right to a grievance procedure, a local jail's lack of law library does not violate an inmate's constitutional right of access, and Lancaster did not allege an actual injury or specific harm. Dkt. No. 24. Defendants also argue that inmates do not need access to a law library when they are represented by counsel—as Lancaster appears to have been by Bill W. Bourland, Esq. during his criminal appeal—and that Lancaster never asserted he followed Mills's advice on how to access legal documents. Dkt. No. 36. Defendants further contend that Lancaster did not allege facts showing Wyatt or Mills formulated DCJ's policies and procedures concerning access to legal materials. Dkt. No. 36.

Lancaster counters that DCJ provides access to certain legal materials upon request, but repeatedly denied him access to materials. Dkt. No. 31. Lancaster clarifies that his injury resulted from his lack of knowledge that he could argue actual innocence on appeal and refers the court to his denied petition for appeal as evidence of injury.[2] Dkt. Nos. 31 & 32. In a surreply brief filed without leave of court, Lancaster further argued that Virginia law provides a right to a grievance procedure, that Wyatt sets DCJ's policies in his role as administrator, and that he was injured by his inability to review the effectiveness of his court-appointed counsel's representation without legal materials. Dkt. No. 37. Lancaster also rejected Mills's prior suggestion to contact the court for legal materials as beyond the court's role. Dkt. No. 37.

---

[2] Lancaster references multiple exhibits in his response brief. He submitted the exhibits–which included his grievance form, case law, regulations, and his Virginia Department of Corrections legal update–in a separate motion for admission of documentary evidence on April 17, 2015. Dkt. No. 32. Defendants have not opposed the motion. For good cause shown, the motion is granted and the evidence is made part of the record. The exhibits are construed as exhibits to his complaint, and thus, considered along with the motion to dismiss.

**II.**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the pleader has properly stated a cognizable claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive a motion to dismiss, the plaintiff must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In evaluating the sufficiency of a pro se complaint, the court accepts as true all well-pled facts and liberally construes those facts in the light most favorable to the pleader. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9, 101 (1980). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege sufficient facts supporting a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); Baccus v. Byars, No. CA 9:11-1280-DCN-BM, 2011 WL 4368835, at *1 (D.S.C. July 5, 2011) report and recommendation adopted, No. CA 9:11-1280 DCN, 2011 WL 4368726 (D.S.C. Sept. 19, 2011) aff'd, 464 F. App'x 142 (4th Cir. 2012).

**III.**

The tension in this case is between DCJ not having a law library and prisoners having a constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977). "The

3

Fourth Circuit has been clear that lack of access to the courts is a harm but that mere lack of access to a law library or to certain legal materials is not. To that end, the denial of materials may constitute a denial of a prisoner's rights if an inmate alleges that the inability to research a particular issue resulted in a specific injury." Ebersole v. Conover, No. 7:08CV00503, 2010 WL 3629581, at *9 (W.D. Va. Aug. 27, 2010) report and recommendation adopted, No. 7:08CV00503, 2010 WL 3585833 (W.D. Va. Sept. 13, 2010) (citing Strickler v. Waters, 989 F.2d 1375, 1383-86 (4th Cir.1993)). The right of access to the court can be satisfied by providing adequate law libraries or adequate assistance from persons trained in the law. See Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993) (citing Bounds, 430 U.S. at 822); see also Oquinn v. Baker, No. CIV.A. 7:08CV00426, 2008 WL 4275964, at *1 (W.D. Va. Sept. 17, 2008) ("[T]he Constitution does not require the state to provide both library access and legal assistance.").

A prisoner claiming lack of access to the courts must show: (i) that shortcomings in the prison's library or legal assistance program hindered his efforts to attack his conviction or sentence, directly or collaterally, or to challenge the conditions of his confinement; and (ii) that he was actually injured as a result of these shortcomings. See Lewis v. Casey, 518 U.S. 343, 351–53, 355 (1996). The inmate cannot rely on conclusory allegations, but must identify with specificity an actual injury resulting from official conduct. See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); Ebersole, No. 2010 WL 3629581, at *7. Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va. 2004). "An allegation of a specific injury is an essential ingredient of [the] claim because the prisoner must be able to show that the rules interfered with his entitlement (access to courts) rather than with a mere instrument for vindicating an entitlement (access to books)." Counts v. Newhart, 951 F. Supp. 579, 588-89 (E.D. Va. 1996) aff'd, 116 F.3d 1473 (4th Cir. 1997) (internal quotations

4

omitted).

When reviewing whether an inmate received adequate access to the courts, the court "need not consider those inmates whose confinement is of a very temporary nature or for purposes of transfer to other institutions. The district judge should have little difficulty, realizing the fundamental nature of the right of access, in determining those cases where the brevity of confinement does not permit sufficient time for prisoners to petition the courts." Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (quoting Cruz v. Hauck, 515 F.2d 322, 333 (5th Cir. 1975)). People temporarily detained in local facilities do not have a constitutional right to a law library. See Crow v. Sanders, No. 9:10-CV-01206-RBH, 2010 WL 2430390, at *2 (D.S.C. June 11, 2010) (citing Pearson v. Smith, No. 4:07-3818HFF-TER, 2008 WL 697166, at *4 (D.S.C. March 12, 2008). "A local facility need not provide the same resources, much less the same quality or extent of resources, as must a state facility, because the expectation is that its occupants will be confined there only briefly and that they will have access to more extensive resources upon arrival at a state correctional facility." Strickler v. Waters, 989 F.2d 1375, 1386 (4th Cir. 1993). However, "a prisoner in a city jail is entitled to reasonable access to the courts and that is not provided [to] one serving a substantial sentence of confinement if, without other legal assistance, he has access only to a law library which is so restricted as to be unmeaningful." Williams v. Leeke, 584 F.2d 1336, 1340-41 (4th Cir. 1978).

Lancaster fails to allege sufficient facts to support a claim that he lacked meaningful access to the courts. Lancaster has asserted no facts that Mills acted in such a manner to deny him meaningful access to the courts. There are no facts alleged that Mills had legal materials available to which she refused Lancaster access. Based on his submitted additional evidence (Dkt. No. 32), Lancaster appears to have been represented by counsel during the appeal of his conviction and does not explain how he lacked access to the courts notwithstanding this

5

representation. Above all else, Lancaster has not alleged facts demonstrating an actual injury. Lancaster's claim that he needed legal materials to review the effectiveness of his counsel's representation is insufficient; the right of access does not include the right to "litigate effectively once in court." Sears v. Price, No. 5:11-CT-3208-FL, 2013 WL 5817261, at *2 (E.D.N.C. Oct. 29, 2013). His allegation that he did not know he could claim actual innocence on appeal, without providing information to the court supporting how this is a nonfrivolous claim, does not amount to an injury; similarly, Lancaster's mention of an alleged sentencing error in his letter to the Clerk's Office (Dkt. No. 1) is not enough to suggest an injury. Liberally construing the Complaint, Lancaster has not asserted the facts necessary to properly state a cognizable claim.

## IV.

Lancaster also contends that Wyatt failed to respond to his grievance about the lack of law library. A prison official's response, or lack thereof, to an inmate's administrative remedies is not sufficient alone to hold the official liable in a civil rights action. The law is well-settled that prison inmates have no federal constitutional right to have an inmate grievance system in operation at the place where they are incarcerated. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137–38 (1977); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even if the prison provides for a grievance procedure, violations of those procedures alone do not amount to a civil rights cause of action. See Adams, 40 F.3d 72, 75 (4th Cir. 1944) (dismissing claim because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"); Waiters v. Cohen, No. CA 3:12-2847-JMC-JRM, 2012 WL 7516046, at *3 (D.S.C. Dec. 10, 2012) report and recommendation adopted, No. CIV.A. 3:12-2847-JMC, 2013 WL 706879 (D.S.C. Feb. 26, 2013).

Lancaster cannot assert a federal cause of action for Wyatt's failure to respond to his grievance. His only cause of action is for the alleged underlying constitutional violation and not

6

for the grievance itself.  See Scott v. Clarke, 64 F. Supp. 3d 813, 842 (W.D. Va. 2014) (citing Young v. Wexford Health Sources, 2012 WL 621358, at *5 (N.D. Ill. Feb. 14, 2012)) ("Though a prison official has no substantive constitutional duty to respond to grievances, he or she does have a duty to prevent and remedy constitutional violations within his [or her] supervision and control."). Thus, Wyatt's purported failure to respond to or process Lancaster's grievance does not state a claim cognizable under § 1983.

## V.

Having carefully reviewed Lancaster's Complaint, the court concludes that Lancaster fails to state a claim upon which relief can be granted and should be dismissed.

An appropriate Order will be entered.

Enter: March 30, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge